RECEIVED
MAY 29 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| BARBARA GILCHRIST, ET AL | CIVIL ACTION NO. 1:14-cv-3027 |
| -vs- | JUDGE DRELL |
| SAM'S EAST, INC. | MAGISTRATE JUDGE KIRK |

### MEMORANDUM RULING AND ORDER

Pending before the court are a motion for leave to amend (Doc. 18) and a joint/voluntary motion to dismiss (Doc. 19) filed by Plaintiffs Barbara Gilchrist and Martin Gilchrist. We have reviewed the record and the parties' arguments. For the following reasons, Plaintiffs' motion to amend (Doc. 18) will be **GRANTED in PART** and **DENIED in PART** and the joint motion to dismiss (Doc. 19) will be **GRANTED**.

Plaintiffs sued Sam's West, Inc., owner of several Sam's Club warehouse stores, for injuries Ms. Gilchrist allegedly sustained after she was hit by a line of shopping carts being pushed by a Sam's Club employee. The Defendant removed the case based on complete diversity. Seven months later, Plaintiff filed the instant motion to add as a defendant the employee who allegedly knocked Ms. Gilchrist to the ground with a line of shopping carts. The amendment also seeks to add Sam's East, Inc. as the proper corporate entity and the parties jointly move the Court to dismiss Sam's West, Inc. The amendment would destroy diversity because the employee, like the Plaintiffs, is a Louisiana resident.

Rule 15(a) of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of course at any time before a responsive pleading is served. Otherwise, either consent of the opposing party or leave of court is required.

The declaration enunciated in Rule 15 that leave to amend shall be freely given when justice so requires is a mandate. Foman v. Davis, 371 U.S. 178, 182 (1962). If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. Id. The presumption in favor of liberal amendment reflects two of the most important principles behind the Federal Rules of Civil Procedure: (1) pleadings are to serve the limited role of providing notice to the opposing party of the claim or defense to be litigated, and (2) mere technicalities should not prevent cases from being decided on the merits. Monahan v. N.Y.C. Dep't of Corrs., 214 F.3d 275, 283 (2d Cir. 2000).

The Fifth Circuit Court of Appeals has held that "the circumstances in which the rule permits denial of leave to amend are limited," Ynclan v. Department of the Air Force, 943 F.2d 1388, 1391 (5th Cir. 1991), and that a motion to amend "should not be denied unless there is a substantial reason to do so." Jacobsen v. Osbourne, 133 F.3d 315, 318 (5th Cir. 1998). The Supreme Court has also declared that "[i]n the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as

the rules require, be 'freely given.'" Foman, 371 U.S. at 182; see also Jacobsen, 133 F.3d at 318.

If, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder or permit joinder and remand the case to state court. 28 U.S.C. §1447(e).

In considering whether to allow a diversity-destroying amendment, the court should consider: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for the amendment; (3) whether plaintiff will be significantly injured if the amendment is not allowed; and (4) any other relevant factors. Hensgens v. Deere & Company, 833 F.2d 1179, 1182 (5th Cir. 1986).

Here, the Court will exercise its discretion to deny the amendment because adding the non-diverse defendant would destroy the Court's jurisdiction and the addition of the individual adds nothing to the case.

Plaintiffs did not seek to add the employee as a defendant until 16 months after accident and then did so only after defendant removed the case. In other words, plaintiff had well over a year in which to ascertain the name of the employee and add him as a defendant. The fact that a motion to do so was not filed until after removal is evidence that the amendment seeks only to destroy this Court's jurisdiction. See Penny Realty, Inc. v. Southwest Capital Servs', Inc., 2008 WL 2169437 (WDLA 2008).

Further, defendant does not dispute that the person sought to be named is an employee and was within the course and scope of his employment at the time of the accident. A plaintiff is not prejudiced by denying leave to join non-diverse employees

3

as defendants where their employers are named defendants. Amerimex Recycling, LLC v. PPG Industries, Inc., 2008 WL 4450274 (WDLA 2008). The employee is neither a necessary nor indispensable party to the case. The Plaintiffs will look to Sam's East, Inc. for satisfaction of any judgment, not to its employee, and, if liability is found, the employer will be liable for the acts of its employee pursuant to the principles of respondeat superior. There is no argument that the employer is uninsured or insolvent, nor any allegation personal or independent fault. Therefore it serves no useful purpose to name the employee as an additional defendant under these circumstances (where there is no dispute that the employee was working within the course and scope of his employment). See also Floyd v. Wal-Mart La, LLC, 2010 WL 2710649 (WDLA 2010) and cases from this division including Lowery v. Wal-Mart 11-1908 (WDLA 2011); and Corley v. Wal-Mart 13-625 (WDLA 2013).

Therefore, Plaintiffs' motion to amend (Doc. 18) is **GRANTED in PART** to the extent that it adds Sam's East, Inc. as a defendant but **DENIED in PART** to the extent it adds Dashuun Bowman as a defendant. The joint motion to dismiss Sam's West, Inc. (Doc. 19) is **GRANTED**.

SIGNED on this 29 day of May, 2015 at Alexandria, Louisiana.

                                            DEE D. DRELL, CHIEF JUDGE
                                            UNITED STATES DISTRICT COURT